**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**JS-6**

**CIVIL MINUTES -- GENERAL**

Case No. **CV 26-3123-JFW(AJRx)** Date: August 17, 2026

Title: Conrad Vega -*v*- HD Supply Management, Inc., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
|---|---|
| None | None |

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [filed 7/17/26; Docket No. 21]**

On July 17, 2026, Plaintiff Conrad Vega ("Plaintiff") filed a Motion to Remand ("Motion"). On August 3, 2026, Defendant HD Supply Management, LLC (erroneously sued as "HD Supply Management, Inc.") ("Defendant") filed its Opposition. Plaintiff did not file a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 24, 2026 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

## I. Factual and Procedural Background

On January 8, 2026, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court. On January 30, 2026, Plaintiff filed a First Amended Complaint ("FAC"), alleging causes of action for: (1) disability discrimination in violation of California's Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a); (2) failure to accommodate in violation of FEHA, California Government Code § 12940(m); (3) failure to engage in good faith interactive process in violation of FEHA, California Government Code § 12940(n); (4) retaliation in violation of FEHA, California Government Code § 12940(h); and (5) wrongful termination in violation of public policy. In his FAC, Plaintiff, who began working for Defendant in June 2021, alleges that he sustained a serious work-related injury involving his shoulder and upper extremities on January 25, 2023. Plaintiff alleges that these injuries required him to be on medical leave and to have reasonable workplace accommodations. According to Plaintiff, Defendant failed to provide those accommodations and, instead, Defendant terminated Plaintiff on October 16, 2023, while he was still on medical leave.

On March 23, 2026, Defendant filed its Answer. Defendant also filed a Notice of Removal on March 23, 2026, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity.

## II. Legal Standard

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A defendant may remove any action from state court to federal court when the federal court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be citizens of states different from those of defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).

## III. Discussion

In his Motion, Plaintiff seeks an order remanding this action to state court on the grounds that Defendant has failed to establish that diversity jurisdiction exists. Specifically, Plaintiff argues that Defendant has failed to "plausibly allege" that Plaintiff is a California citizen[1] and Defendant has failed to establish that the amount in controversy is in excess of $75,000. In its Opposition, Defendant argues that it has satisfied its burden to establish that complete diversity exists and has demonstrated the amount in controversy by a preponderance of the evidence.

In the Notice of Removal, Defendant alleges that Plaintiff is a citizen of California, relying on the allegations in the FAC. However, the FAC does not allege that Plaintiff is a citizen of California. Instead, the FAC only alleges that Plaintiff "is, and at all relevant times was, an individual residing in the County of Los Angeles, State of California." FAC, ¶ 1. With respect to a natural person, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state. *Id.* Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id.*

In its Opposition, Defendant points out that "Plaintiff does not dispute the truth of Defendant's allegation that he is a California citizen, nor does he submit any evidence identifying

[1] Plaintiff does not dispute that Defendant is a citizen of Delaware and Florida.

another state of domicile." Opposition, 9:5-7. However, "[e]ven though Plaintiff did not show the lack of a California domicile, the burden is on the Defendant to affirmatively show domicile." *Mobasser v. Aston Martin Lagonda of North America, Inc.*, 2025 WL 2507012, *2 (C.D. Cal. Sept. 2, 2025); *see also Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."); *see also Moore-Thomas v. Alaska Airlines, Inc*., 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand").

In an attempt to demonstrate that Plaintiff is domiciled in California, Defendant submitted the declaration of Teresa O'Neal ("O'Neal"), Defendant's HR Business Partner with its Opposition. In her declaration, O'Neal states that, after reviewing Plaintiff's personnel file, "[t]he last record we have of Plaintiff's address is from the termination letter we sent on October 16, 2023, reflecting that our last record of Plaintiff's address at the time of termination was located in Port Hueneme, CA 93041" and attached a copy of the termination letter. Declaration of Teresa O'Neil (Docket No. 22-2), ¶ 3 and Exh. A.

The Court concludes that Defendant has failed to carry its burden to demonstrate complete diversity. The Court agrees with the court in *Mobasser,* 2025 WL 2507012, which concluded, in relevant part:

> To show domicile (as a proxy for citizenship), Defendant needed to show not just Plaintiff's residence, but also Plaintiff's intent to remain. *Kanter v. Warner Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). And a residential address alone is insufficient to show domicile, since it provides no indication of intention. *See Hicks*, 2023 WL 3319362, at *14. Beyond the residential address, all Defendant has provided the Court is a bald assertion of domicile, which falls short. *See Mays*, 2020 WL 6690642, at *3 ("A 'bald' assertion of domicile is not proof of domicile.") (citation omitted).

In this case, not only has Defendant failed to demonstrate that Plaintiff intends to stay (and, thus is domiciled at) the Port Hueneme address, Defendant has failed to demonstrate if Plaintiff even still resides at the Port Hueneme address. As Defendant admits, its last record of Plaintiff's address was in October 2023 – thirty-four months ago. Accordingly, the Court concludes that Defendant has failed to meet its burden of demonstrating that the parties are completely diverse and, as a result, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).[2]

## IV. Conclusion

For all the foregoing reasons, Plaintiff's Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[2] Because the Court concludes that Defendant has failed to demonstrate complete diversity, the Court will not analyze the amount in controversy.

 Initials of Deputy Clerk jloz